United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-11512

MALCOLM KELSO,

Plaintiff-Appellant,

VERSUS

LYFORD CAY MEMBERS CLUB LIMITED,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

( 3:04-CV-1823 )

Before HIGGINBOTHAM, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Malcolm Kelso appeals the district court's order dismissing his complaint for lack of personal jurisdiction over Defendant-Appellee Lyford Cay Members Club, Ltd. (the "Club"). Kelso argues the court erred in concluding that it lacked both specific and general personal jurisdiction over the Club. We AFFIRM.

**BACKGROUND**

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Club is a private club located in Nassau in the Commonwealth of the Bahamas. Only members may use the facilities of the Club. Kelso is a former Club member who filed suit against the Club in Texas state court, asserting breach of contract and a claim for quantum meruit. The complaint arose from the Club's cancellation of Kelso's membership for failure to pay dues.

Kelso alleges his membership was improperly cancelled because the Club failed to give notice of the cancellation. According to Kelso, in approximately 1991, the Club contacted Kelso and his former wife in Texas to inquire into their interest in membership. Kelso claims the membership forms were mailed to him, completed by him, and returned to the Club. Kelso alleges the Club conducted membership interviews of Kelso in New York City. Upon his acceptance into the Club, Kelso claims that he paid his membership dues by personal check drawn upon his Texas bank account and that all membership and billing information was mailed to his Texas home through 1998. Kelso acknowledges receipt of notice in 1997 from the Club that he was not entitled to either continued membership or renewal of his membership. Kelso claims the Club later entered a new agreement by means of a letter to Kelso's counsel, permitting Kelso's reinstatement to the Club on the condition he pay back dues owed from the time of Kelso's divorce through 1999. Kelso claims he forwarded the owed monies to the Club from his Texas bank but that he never received a membership card or any evidence the membership had been reinstated. Kelso claims he subsequently

2

received an additional bill for 1999-2000 for $4,600 and that he paid this final bill as well.

The Club removed Kelso's complaint to federal court on the basis of diversity jurisdiction.[2] There, the Club moved to dismiss Kelso's complaint for lack of personal jurisdiction or for forum non conveniens. Kelso responded, and the court dismissed the cause for lack of personal jurisdiction. Kelso appeals.

**DISCUSSION**

This Court reviews *de novo* a district court's dismissal for lack of personal jurisdiction. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); see also FED. R. CIV. P. 12(b)(2). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Allred*, 117 F.3d at 281 (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). The district court shall resolve all factual disputes, however, in favor of the plaintiff. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff need only establish a prima facie case for personal jurisdiction. *See D.J.*

_____

[2]It is undisputed that Kelso is a resident of Texas and the Club is a resident of the Bahamas.

3

*Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985).

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred*, 117 F.3d at 281. "[I]t is well-established that the Texas long-arm statute authorizes the exercise of personal jurisdiction to the full extent allowed by the Due Process Clause of the Fourteenth Amendment," so the relevant question is whether Texas can exercise personal jurisdiction over the Club consistent with the Due Process Clause. *See Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

> The exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met. First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice."

*Wilson*, 20 F.3d at 647 (citations omitted). "Minimum contacts" may arise by virtue of contacts that give rise to specific personal jurisdiction or general personal jurisdiction. *Id*.

## I. The district court lacked specific personal jurisdiction over the Club.

When a nonresident defendant's contacts with the forum state arise from or are directly related to the cause of action, specific personal jurisdiction exists. *Wilson*, 20 F.3d at 647. A single

4

act of the defendant may support specific personal jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). The minimum contacts query with respect to specific personal jurisdiction is satisfied when the nonresident defendant 'purposefully' avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Kelso argues that the Club's contacts are directly related to the cause because the Club solicited his membership by contacting him in Texas and by interviewing him for membership in New York City. Kelso argues that by placing the application materials in the mail the Club solicited Kelso's business and purposefully availed itself of conducting business in the forum state by using the U.S. Postal Service. In support of this argument, Kelso relies upon our prior decision in *Thorington v. Cash*, 494 F.2d 582 (5th Cir. 1974). There, the tortious activity provision of Georgia's long-arm statute controlled, and we concluded that the plaintiff established personal jurisdiction based upon the nonresident defendant's actions of mailing material misrepresentations to the plaintiff in the forum state "*with* the evident intention that they there be relied upon and by further mailing the contract in question into Georgia for execution." *Id*. at 587 (emphasis added).

5

*Thorington*'s holding is expressly limited "to the application of [Georgia's long-arm statute] subsection (b) (tortious act within) to conduct which occurs prior to . . . the effective date of subsection (c) (act without/tortious injury within)." *Id*. at 586. *Thorington* is inapposite to this dispute.

Kelso also points to the Texas long-arm statute that defines the conduct of business in Texas to include (1) contracting by mail or otherwise with a Texas resident with performance by either party in whole or part in Texas and (2) commission of a tort in whole or in part in Texas. TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 2000). The district court determined that Kelso failed to produce sufficient evidence to support a prima facie case of specific personal jurisdiction over the Club.

Kelso has not produced any evidence that a contract exists between the parties but has so alleged by arguing that a membership application was mailed to him in Texas, that he completed and returned the application, and that an agreement with the Club was thereby created. The Club disputes that a contract exists but argues in the alternative that even if a contract did exist, no performance occurred in Texas. The Club argues it has not purposefully directed its activities at Texas and points to facts in the record supporting this conclusion, including: (1) the private nature of the Club; (2) the closed nature of membership application, that is, applicants are accepted only upon the

6

recommendation of a current Club member; (3) outside travel agents may not book the use of the Club or apply for membership; (4) the Club does not advertise or conduct any business in the United States or anywhere outside of the Bahamas; and (5) the Club maintains no website and cannot be accessed by the Internet. The Club also responds to Kelso's argument that the Club purposefully availed itself of the forum state when it solicited Kelso's membership. According to the Club, Kelso's bare allegation of solicitation is insufficient to support a prima facie showing of specific personal jurisdiction.

The Club also relies on *Stuart v. Spademan,* 772 F.2d 1185 (5th Cir. 1985). There, Texan plaintiffs sued a nonresident in diversity for breach of contract where it was undisputed the parties had contracted. The panel found that both the existence of the contract and the negotiations between the parties leading up to the agreement were insufficient to permit exercise of specific personal jurisdiction. *Id*. at 1193-94. The panel relied upon the "quality of the contacts" in resolving the question of purposeful availment, rather than the mere existence of the contacts. *Id*. at 1194. "The random use of interstate commerce to negotiate and close a particular contract, the isolated shipment of goods to the forum at the instigation of the resident plaintiffs, and the mailing of payments to the forum do not constitute the minimum contacts necessary to constitutionally exercise jurisdiction . . .

7

." *Id*. *Stuart* instructs that the nature of the Club's contacts on this record are properly considered in determining whether the Club purposefully availed itself of Texas's laws, even when it is assumed, as it must be given the disputed fact, that a contract existed between Kelso and the Club.

Even resolving the dispute over the contract's existence in Kelso's favor, Kelso has failed to meet his burden of making a prima facie showing that the Club directed its activities to Texas in such a manner that Kelso's cause of action arises from the Club's activities in the forum state. *See id*. at 1193-94. We affirm the district court's conclusion that it lacked specific personal jurisdiction over the Club.

## II. The district court lacked general personal jurisdiction over the Club.

> General jurisdiction . . . will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic."

*Wilson*, 20 F.3d at 647 (citations omitted).

Kelso argues the Club mailed membership information and bills for years via the U.S. Postal Service and received payment by the postal service and banks within Texas. Kelso alleges that more than sixty percent of the Club's members are U.S. citizens and that twenty-nine members hail from Texas. Kelso relies solely on *Bruno Corp. v. Turbo Research, Inc.*, 2003 U.S. Dist. LEXIS 524 (N.D. Tex. Jan. 15, 2003). There, the district court found the exercise of

8

general personal jurisdiction proper over a nonresident defendant because contacts were systematic and continuous where the defendant admitted it had visited Texas for trade shows over a period of years, made visits to Texas utilities, discussed potential business with a Texas company, and sent to a Texas company a proposal for the sale of a product. *Id*. at *11-12. In addition, the defendant there admitted to its execution of contracts in Texas aside from the one at issue in the litigation. *Id*. at *12.

Again, based upon the dispute as to the existence of a contract, we resolve that factor in Kelso's favor. Even with the existence of a membership contract between the parties, any contacts with Texas that might exist based upon that agreement are not sufficiently continuous and systematic to support general personal jurisdiction. The mere use of the postal service and the acceptance of checks drawing up on accounts with a Texas bank are insufficient to make the showing required of Kelso. Furthermore, Kelso's reliance upon the mailing addresses of Club members from outdated records is unavailing for the purpose of establishing the Club's systematic or continuous contacts with Texas. We affirm as well the district court's conclusion that general personal jurisdiction over the Club was lacking.

## CONCLUSION

After thorough review of the briefs and relevant portions of the record, we affirm the district court's dismissal of Kelso's

9

complaint for lack of personal jurisdiction over the Club essentially for the reasons provided by the district court.

**AFFIRMED.**